**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4865**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

PIERRE LACOSTA WARREN,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:12-cr-00042-SGW-10)

───────────

Submitted:  May 23, 2014            Decided:  June 6, 2014

───────────

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Daniel K. Dorsey, Washington, D.C., for Appellant.  Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierre Lacosta Warren appeals the district court's judgment sentencing him to sixty months in prison after pleading guilty to conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012). Warren's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 in accepting Warren's guilty plea and whether it plainly erred in sentencing Warren. Warren was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). It "require[s] a district court, before accepting a guilty plea, to 'personally inform the defendant of,

2

and ensure that he understands, the nature of the charges against him and the consequences of his guilty plea.'" United States v. Hairston, 522 F.3d 336, 340 (4th Cir. 2008) (quoting United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999)).

We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991); see also United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) (noting this "Court has repeatedly refused to script the Rule 11 colloquy, relying rather on the experience and wisdom of the district judges below"). A guilty plea may be knowingly and intelligently made based on information received before the plea hearing. See DeFusco, 949 F.2d at 116; see also Bradshaw, 545 U.S. at 183 (trial court may rely on counsel's assurance that defendant was properly informed of elements of the crime).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because Warren's Rule 11 claim is raised for the first time on appeal, we review for plain error. See United States v. Vonn, 535 U.S. 55, 71 (2002); United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). It is thus Warren's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and (4) that this Court should exercise its discretion to notice the error. See Martinez, 277 F.3d at 529, 532. To show that his substantial rights were affected, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). We have reviewed the record, and we conclude that Warren fails to make this showing.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). First, we consider whether the district court committed any significant procedural error, such as improperly calculating the Guidelines range, failing to consider the sentencing factors under 18 U.S.C. § 3553(a) (2012), or failing to adequately explain the sentence. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider its substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at

4

We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines. Allmendinger, 706 F.3d at 340. The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012). Id. When rendering a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). In explaining the sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Warren's sentence is reasonable. The district court properly calculated his Guidelines range and reasonably determined that a sentence

below the range was appropriate based on the § 3553(a) factors. The court sentenced Warren below the sentence that he requested, and the court neither erred nor abused its discretion.

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED